**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HUMBERTO CASTRO VASQUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    15-72793

Agency No. A201-175-154

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.

Humberto Castro Vasquez seeks review of a decision of the Board of

Immigration Appeals (BIA) affirming the decision of an immigration judge (IJ)

denying his claims for withholding of removal and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252.  Because the BIA adopted and affirmed the decision of the IJ without opinion, we review the decision of the IJ as if it were the BIA's.  *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

We reject Castro's contention that the BIA erred in affirming the IJ's decision without opinion because the BIA is permitted to do so.  8 C.F.R. § 1003.1(e)(4); *see also Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003).  We uphold the agency's denial of Castro's claims for withholding of removal under 8 U.S.C. § 1231(b)(3) and relief under the CAT.  On appeal, Castro failed to make any distinct arguments concerning the merits of the IJ's decision and therefore forfeited any such challenge.  *See Crime Just. & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) ("Issues raised in a brief which are not supported by argument are deemed abandoned." (citation omitted)).

Even if Castro had not forfeited his claims on appeal, we would uphold the agency's denial of Castro's claims on the merits.  First, substantial evidence supports the IJ's determination that Castro's proposed social group—"Americanized Mexicans returning to Mexico"—is ineligible for protection because it lacks particularity and social distinction.  *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (rejecting the

proposed social group of "returning Mexicans from the United States"); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (rejecting the proposed social group of "those returning home [to Mexico] who *appear* to be American").

Therefore, the IJ did not err in rejecting Castro's claim for withholding of removal.

Nor did the agency err in denying Castro's claim for relief under the CAT. *See* 8 C.F.R. § 208.16(c)(2); *see also Al-Saher v. I.N.S.*, 268 F.3d 1143, 1146–47 (9th Cir. 2001) (as amended). The IJ's determination that Castro did not demonstrate that the Mexican government would acquiesce to his torture was supported by substantial evidence. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003). "[G]eneralized evidence of violence and crime in Mexico is not particular to [a specific petitioner] and is insufficient" under the CAT. *Delgado-Ortiz*, 600 F.3d at 1152. The country conditions reports were consistent with the IJ's finding that the Mexican government is attempting to combat violence. Based on these reports, the IJ was permitted to conclude that Castro failed to show that the Mexican government was likely to acquiesce in his torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (holding that a government "does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it" (cleaned up)).

**PETITION DENIED.**